IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA, §
§
                 Plaintiff, §
§   Criminal No. 3:96-CR-240-D
VS. §
§
ANDRE DEMOND JACKSON, §
§
                Defendant. §

MEMORANDUM OPINION
AND ORDER

Defendant Andre Demond Jackson ("Jackson") moves the court to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines, which lowered the guideline range for certain crack cocaine sentences. The court denies the motion.[1]

I

Jackson is currently serving an 11-month sentence that the court imposed when it revoked his term of his supervised release. Jackson concedes that, prior to the adoption of Amendment 706, he completed his 122-month sentence of imprisonment for distributing

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

cocaine base.[2]

## II

Under § 3582(c)(2), a district court can modify a term of imprisonment in the case of a defendant sentenced to a term of imprisonment based on a guideline range that has subsequently been lowered by the United States Sentencing Commission.  Any reduction under § 3582(c)(2) must be consistent with the Commission's applicable policy statements, which provide that a sentence reduction *must* relate to the defendant's "term of imprisonment" and is not permitted if none of the retroactive amendments applies to the defendant's case.  *See* U.S.S.G. §§ 1B1.10(a)(1), (a)(2)(A). The commentary to U.S.S.G. § 1B1.10 states that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section.  This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."  U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.4(A).  Thus the commentary to the Guidelines explicitly provides that a defendant serving a term of imprisonment imposed upon revocation of supervised release is ineligible for § 3582(c)(2) relief.  *See United States v. Forman*, 553 F.3d 585, 589 (7th Cir.) (per curiam) (holding that defendant convicted of possession with intent to distribute crack cocaine, who was

---

[2]Jackson's term of supervised release commenced in February 2005.  His term of supervised release was revoked in May 2009, and he was sentenced to 11 months' imprisonment.

reimprisoned after his term of supervised release was revoked, was not entitled to modification of his sentence under § 3582(c)(2) in the context of Amendment 706), *cert. denied*, ___ U.S. ___, 129 S.Ct. 2817 (2009); *United States v. Holmes*, 2009 WL 1068226, *1-*2 (11th Cir. Apr. 22, 2009) (per curiam) (same); *see also United States v. Morales*, 2009 WL 51323, at *1-*3 (D. Or. Jan. 7, 2009); *United States v. Johnson*, 2008 WL 4602289, at *1 (S.D. Miss. Oct. 15, 2008).

Jackson relies on *United States v. Guess*, 541 F.Supp.2d 399 (D. Me. 2008), where the defendant sought a reduction of her supervised release term on the basis of Amendment 706. *Guess* does not support granting Jackson the relief he seeks. First, *Guess* is factually distinguishable because, unlike Jackson, the defendant in *Guess* was not serving a sentence of imprisonment for violating the terms of her supervised release; she was seeking a reduction in the length of the term of supervised release itself. Second, the *Guess* court *denied* the request that the term of supervised release be reduced based on the crack cocaine guideline, concluding that § 3582(c)(2) did not entitle the defendant to this relief. *Id.* at 405.

*   *   *

Jackson is ineligible for a sentence reduction under § 3582(c)(2) based on Amendment 706. Therefore, his July 14, 2009

- 3 -

motion to reduce sentence is denied.

**SO ORDERED.**

July 22, 2009.

SIDNEY A. FITZWATER
CHIEF JUDGE